**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-27657-RAR**

**LEONEL FRANCISCO SAAVEDRA-SANGRONIS,**

Petitioner,

v.

**CHARLES PARRA**, *et al.*,

Respondents.
_________________________/

**ORDER DISMISSING PETITION**

**THIS CAUSE** comes before the Court on Petitioner Leonel Francisco Saavedra-Sangronis's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1]. Petitioner challenges the constitutionality of his renewed detention in the custody of U.S. Immigration and Customs Enforcement ("ICE") and seeks immediate release or an individualized custody hearing. *See* Pet. at 7–9. Respondents filed a Response, [ECF No. 6], arguing that the Petition is moot because an Immigration Judge ("IJ") granted Petitioner bond on November 9, 2026. *See* Resp. at 1. After reviewing the record, the parties' filings, the applicable law, and being otherwise fully advised, the Court **DISMISSES** the Petition **as moot**.

Petitioner alleges that he "was released on a $7,500 immigration bond" in September 2022. Pet. at 12; *see also* Pet., Ex. C, Notice to Appear, [ECF No. 1-3] at 3 (reflecting posting of bond). On October 21, 2026, "ICE arrested [him] near Key Largo while [he] was going to work," and transferred him to Krome North Service Processing Center on October 23, 2026. Pet. at 7 (alterations added). Petitioner thereafter filed this action, alleging that "[n]o bond hearing ha[d] been requested or held" and that "[n]o current written custody decision [was] available" to him. *Id.* (alterations added). Liberally construed, the Petition raises two grounds for relief: (1)

"[u]nlawful continued custody to the extent Respondents apply a mandatory-detention classification inconsistent with the law governing [his] renewed interior arrest"; and (2) inadequate "notice and a meaningful opportunity to contest the basis for renewed custody." *Id.* at 11–12 (alterations added). Petitioner accordingly requests "release if legally warranted, or lawful individualized custody review." *Id.* at 8.

On November 12, 2026, Respondents filed a Response advising that "Petitioner was granted a bond on November 9, 2026[.]" Resp. at 1. In support, Respondents attached the IJ's Order, which reflects that Petitioner "requested a custody redetermination pursuant to 8 C.F.R. § 1236." Order of the Immigration Judge ("IJ Order"), [ECF No. 6-1] at 1. "After full consideration of the evidence presented," the IJ granted Petitioner's request and ordered him "released from custody under bond" of $3,500. *Id.*

The Court has the inherent authority to dismiss *sua sponte* any case that becomes moot. *See Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994) ("It is incumbent upon this court to consider issues of mootness *sua sponte* and, absent an applicable exception to the mootness doctrine, to dismiss any [action] that no longer presents a viable case or controversy."). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "If events that occur subsequent to the filing of a lawsuit or appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

Here, the IJ's intervening custody redetermination has afforded Petitioner the "lawful individualized custody review" he sought. Pet. at 8. Petitioner alleged that "[n]o bond hearing ha[d] been requested or held" and that "[n]o current written custody decision [was] available" to him. *Id.* at 7 (alterations added). He therefore sought "disclosure of the actual custody grounds

and a meaningful opportunity to contest them with [his] prior bond, biometrics and work records." *Id.* (alteration added). But the IJ's Order confirms that Petitioner "requested a custody redetermination pursuant to 8 C.F.R. § 1236" and that, "[a]fter full consideration of the evidence presented," the IJ granted his "request for a change in custody status," ordering him "released from custody under bond of $3,500.00." IJ Order at 1 (cleaned up). Thus, Petitioner has received the "meaningful opportunity to contest" his detention that he requested, Pet. at 7, and his claim that Respondents unlawfully withheld individualized custody review no longer presents a live controversy.

Indeed, where a petitioner challenges immigration detention without an individualized custody determination under § 1226(a), the appropriate remedy is "the statutory process required under § 1226(a), which includes a bond hearing," rather than immediate release. *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026). Because Petitioner has received the individualized custody review he requested, the Court can afford no further meaningful relief on his claims concerning the denial of that review, and those claims are therefore moot. *See Al Najjar*, 273 F.3d at 1336.

There are two exceptions to the mootness doctrine, which apply when either (1) "collateral consequences" remain, *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968), or (2) the injury is "capable of repetition yet evading review," *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Petitioner cannot satisfy either exception. <u>First</u>, the collateral consequences exception does not apply where there is no longer an "actual injury traceable" to the challenged conduct that is "likely to be redressed by a favorable judicial decision." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (cleaned up). Here, Petitioner has received the individualized custody determination he requested, and he identifies no remaining "disabilities or burdens" arising from the previous denial of that review that this Court could remedy. *Carafas*, 391 U.S. at 237. <u>Second</u>, Petitioner's receipt of an

individualized bond hearing also means that there is no “reasonable expectation” or “demonstrated probability” that he will again be denied such review under the same circumstances. *Murphy*, 455 U.S. at 482 (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). In sum, Petitioner cannot satisfy an exception to mootness, and the Petition must be dismissed.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Petitioner Leonel Francisco Saavedra-Sangronis’s *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], is **DISMISSED as moot**. All pending motions are **DENIED as moot** and all deadlines, if any, are **TERMINATED**. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 19th day of November, 2026.



**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Leonel Francisco Saavedra-Sangronis